# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

CRAIG COPPEDGE and
JUDY COPPEDGE,

      Plaintiffs,

v.                                     Case No. 19-CV-705-CVE-FHM

CABOT NORIT AMERICAS, INC. et al.,

      Defendants.

## OPINION AND ORDER

Now before the Court is the Motion to Dismiss of Defendants Cabot Norit Americas, Inc., Cabot Corporation, and Norit Americas, Inc. (Dkt. # 9) and Plaintiffs' Motion to Remand and Brief in Support (Dkt. # 37). Plaintiffs Craig and Judy Coppedge ask the Court to remand the case to state court, because the parties are not completely diverse and the Court lacks subject matter jurisdiction over this case. Dkt. # 37. They also argue that the notice of removal is procedurally defective, because all defendants named in the petition have not joined in the notice of removal. Defendants Cabot Norit Americas, Inc., Cabot Corporation, and Norit Americas, Inc. respond that plaintiffs have fraudulently joined numerous non-diverse defendants for the sole purpose of defeating diversity jurisdiction, and they were not required to obtain the consent of unserved or fraudulently joined defendants before filing a notice of removal. Dkt. # 65. These defendants have also filed a motion to dismiss plaintiffs' intentional tort claims for failure to state a claim upon which relief can be granted. Dkt. # 9.

Craig Coppedge alleges that he was employed at a plant in Pryor, Oklahoma, and the plant was owned by Norit Americas, Inc. Dkt. # 1-1, at 5. On June 5, 2017, he claims that he was

working at the plant when a stainless steel cone fell from a dry leach coal surge bin, and he alleges that he was seriously injured. Id. at 6. Plaintiffs allege that the dry leach coal surge bin was originally installed at the plant in 1980, and the bin was "designed, fabricated, or installed" by Dravo Corporation and Bethlehem Steel Corporation. Id. at 5. Plaintiffs allege that Norit Americas, Inc. sought to modify or alter the dry leach coal surge bin in 1997, and it used the services of numerous contractors, many of whom are citizens of Oklahoma for the purpose of diversity jurisdiction. Id. Plaintiffs filed this case in Mayes County District Court alleging various claims arising out of the incident causing Craig Coppedge's injuries, although plaintiffs' claims are not separated by count. It appears that plaintiffs are alleging intentional tort claims against Norit Americas, Inc., Cabot Norit Americas, Inc. and Cabot Corporation on the basis that these entities were Craig Coppedge's employer. Id. at 7-8. It also appears that plaintiffs are alleging negligence claims against 14 other entities or persons who had some role in designing or constructing the dry leach coal surge bin when it was originally constructed or redesigned. Judy Coppedge argues that she is entitled to damages for loss of consortium. Id. at 10.

Cabot Norit Americas, Inc., Cabot Corporation, and Norit Americas, Inc. filed a notice of removal (Dkt. # 1) asserting that the Court has diversity jurisdiction over this case, because the defendants that have been properly joined and served are completely diverse. Plaintiffs are citizens of Oklahoma. Dkt. # 1, at 3. Cabot Norit Americas, Inc. is incorporated under the laws of Georgia and has its principal place of business in Massachusetts. Id. Norit Americas, Inc. was purchased by Cabot Corporation and is a wholly owned subsidiary of Cabot Corporation, and the name of the entity was changed to Cabot Norit Americas, Inc. Id. at 4. Cabot Corporation is a Delaware corporation with its principal place of business in Massachusetts. Id. These defendants argue that

the citizenship of all other defendants named in the petition is irrelevant, because plaintiffs' claims concerning the design or construction of the dry leach coal surge bin are barred by Oklahoma's statute of repose, OKLA. STAT. tit. 12, § 109. Plaintiffs ask the Court to remand this case to state court on the grounds that the Court lacks subject matter jurisdiction over the case and the notice of removal is procedurally defective.

Defendants Cabot Norit Americas, Inc., Cabot Corporation, and Norit Americas, Inc. argue that plaintiffs have fraudulently joined numerous defendants in an attempt to defeat diversity jurisdiction. The Supreme Court has recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). Defendants can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006). If Cabot Norit Americas, Inc., Cabot Corporation, and Norit Americas, Inc. can show that the non-diverse defendants were fraudulently joined, the parties will be completely diverse and the Court may exercise subject matter jurisdiction over this case. See American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder."). To prove that a party has been fraudulently joined, defendants have the burden to "demonstrate that there is no possibility that [plaintiffs] would be able to establish a cause of action against [the joined party] in state court." Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000). When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the

3

pleadings to evaluate the defendant's argument. Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F. 2d 879, 881-82 (10th Cir. 1967); Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." Hart, 199 F.3d at 246 (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). Although the Court can pierce the pleadings, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Smoot, 378 F.2d at 882.

The Court will initially consider plaintiffs' argument that the notice of removal is procedurally defective. Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." However, the state court docket does not show that plaintiffs have served all of the defendants, and it was not necessary for defendants to obtain the consent of unserved defendants before filing a notice of removal. It is also not necessary for removing defendants to obtain the consent of parties who were allegedly fraudulently joined. Restivo v. Bank of America, 618 F. App'x 537, 541 n.5 (11th Cir. July 8, 2015); Thompson v. Accent Capital, 491 F. App'x 264, 265 (3d Cir. Nov. 21, 2012); Rico v. Flores, 481 F.3d 234, 239 (5th Cir. 2007). Plaintiffs' argument that the notice of removal is procedurally defective is meritless.

Plaintiffs argue that the Court lacks subject matter jurisdiction over this case, because complete diversity does not exist on the face of plaintiffs' petition and defendants have not met their burden to establish fraudulent joinder. The primary dispute between the parties is whether plaintiffs'

4

negligence claims against the non-diverse defendants are barred by Oklahoma's statute of repose.

OKLA. STAT. tit. 12, § 109 provides:

> No action in tort to recover damages
>
> > (I) for any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property,
> >
> > (ii) for injury to property, real or personal, arising out of any such deficiency, or
> >
> > (iii) for injury to the person or for wrongful death arising out of any such deficiency,
>
> shall be brought against any person owning, leasing, or in possession of such an improvement or performing or furnishing the design, planning, supervision or observation of construction or construction of such an improvement more than ten (10) years after substantial completion of such an improvement.

The statute does not define "improvement to real property," but the Oklahoma Supreme Court has provided guidance on how to determine if machinery constitutes an improvement to real property. The first inquiry is whether the property is subject to ad valorem taxes or is treated as personal property for tax purposes. Durham v. Herbert Olbrich GMBH & Co., 404 F.3d 1249, 1252 (10th Cir. 2005); Smith v. Westinghouse Elec. Corp., 732 P.2d 466, 470 (Okla. 1987). If property is treated as personal property instead of part of the real property, this weighs heavily against the treatment of an item as an improvement to real property under § 109. Durham, 404 F.3d at 1253. The definition of real property under Oklahoma law includes "the land itself" and "all buildings, structures and improvements or other fixtures" that are not treated as personal property. Kirby v. Jean's Plumbing Heat & Air, 222 P.3d 21 (Okla. 2009). The tax treatment of property is not dispositive as to whether something is treated as an improvement to real property. The ownership status and location of the property is also a significant factor. If the property is owned by the same

5

entity that owns the real property, this suggests that the property may be an improvement to real property. Durham, 404 F.3d at 1256. Finally, a court should consider "(1) the permanence of the improvement (2) the degree to which the improvement enhances the value of the realty; and (3) the intention of the parties to make the improvement one to the realty." Id. at 1253.

The Court finds that the applicability of the statute of repose cannot be decided in the context of fraudulent joinder, because this issue is highly fact-intensive and not capable of summary determination when ruling on a motion to remand. Plaintiffs should be given an opportunity to conduct discovery before this issue is presented to a court, and the statute of repose issue should be presented in a motion for summary judgment once discovery is completed. Plaintiffs also argue that they have asserted claims for manufacturer's products liability that would not be barred by the statute of repose, and it is possible that this could be a plausible theory of liability against some of the non-diverse defendants. Defendants will need to seek relief from the state court to clarify exactly what claims plaintiffs are asserting and under what theories they will be permitted to proceed, and this Court will not attempt to resolve contested factual issues in the context of a motion to remand. The Court will remand the case to state court, but plaintiffs' request for attorney's fees and costs under 28 U.S.C. § 1447(c) is denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand and Brief in Support (Dkt. # 37) is **granted**, and the Court Clerk is directed to **remand** this case to Mayes County District Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss of Defendants Cabot Norit Americas, Inc., Cabot Corporation, and Norit Americas, Inc. (Dkt. # 9) remains pending.

**DATED** this 27th day of February, 2020.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE